| **Shah v City of New York** |
| --- |
| 2025 NY Slip Op 30029(U) |
| January 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 161092/2024 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. JUDY H. KIM**</u>       **PART**       **04**

*Justice*

-------------------------------------------------------------------------------X

WAJID SHAH,

                 Petitioner,

          - v -

THE CITY OF NEW YORK,

               Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161092/2024 |
| **MOTION DATE** | 11/29/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion for          <u>ARTICLE 78 (BODY OR OFFICER)</u> .

Petitioner is a mobile food vendor in New York City. At some point unspecified prior to the events at issue here, he was issued a mobile food vending unit permit, under permit number 50130362 by respondent New York City Department of Health and Mental Hygiene. On June 28, 2023, however, petitioner was granted a different permit, under permit number 50131225 (the "Second Permit") and the First Permit was withdrawn pursuant to Administrative Code §17-307(2)(C), which precludes a vendor from holding more than one such permit at a time. This Second Permit was subsequently revoked.

On or about December 21, 2023, petitioner commenced a special proceeding under index number 162319/2023 to compel respondent to reinstate the Second Permit and, upon its reinstatement, transfer this permit to his wife (the "First Proceeding"). In a decision and order dated June 18, 2024, the Petition was granted to the extent that respondent was directed to reinstate the Second Permit or its functional equivalent (Index No. 162319/2023, NYSCEF Doc. No. 57).

**161092/2024 SHAH, WAJID vs. THE CITY OF NEW YORK**
Motion No. 003 003

**Page 1 of 5**

[* 1]

The Court added that since respondent had never granted or denied petitioner's request to transfer the Second Permit (instead revoking it), this issue was not ripe for judicial review (Id.).

On November 20, 2024, petitioner filed orders to show cause in the First Proceeding seeking to compel respondent to issue a formal determination regarding his request to transfer his MFV Supervisory License (which grants a holder the ability to vend in New York City and is distinct from the permits referenced above, which relate to specific mobile food vending units) to his wife and issue a determination on his June 30, 2024 request for reissuance of the First Permit. The Court declined to sign these orders to show cause, as the relief sought was beyond the scope of that special proceeding. In doing so, however the Court directed the parties to appear for a conference on December 11, 2024, to "discuss respondent's compliance with the directives of the June 18, 2024, order."

On November 29, 2024, petitioner commenced the instant special proceeding, by petition and order to show cause compelling respondent to issue a determination on his June 30, 2024 request for reissuance of the First Permit and asserting that the withdrawal of the First Permit was arbitrary and capricious and contrary to Administrative Code §17-307(2)(C) and General Business Law §§32 and 35. Petitioner then filed two additional orders to show cause, seeking orders compelling respondent to issue a formal determination regarding Petitioner's June 18, 2024 application to transfer his Mobile Food Vending Supervisory License to his spouse and schedule a pre-permit inspection of his mobile food cart, a necessary predicate to the reinstatement of the Second Permit.

The Court signed the third order to show cause, concerning the pre-permit inspection, and scheduled argument for December 11, 2024, the same date as the conference scheduled in the prior special proceeding. At the parties' appearance on that date, respondent agreed to schedule an

161092/2024   SHAH, WAJID vs. THE CITY OF NEW YORK
Motion No.  003 003

Page 2 of 5

inspection of petitioner's mobile food vending unit within five days and reissue the Second Permit upon a satisfactory inspection. The Court also issued an order to that effect (Index No. 162319/2023, NYSCEF Doc. No. 156). At that appearance, petitioner represented to the Court that the reinstatement of the Second Permit would moot the relief sought regarding his request for the reinstatement of the First Permit, the sole issue raised in the petition in this special proceeding.

On January 1, 2025, filed a fourth order to show cause in the present special proceeding seeking an order declaring that the purported transfer of his Disabled Veteran Supervisory License to his spouse was invalid and directing that his Disabled Veteran Supervisory License (#41618198) be restored within five (5) business days (NYSCEF Doc. No. 30 [Proposed Order to Show Cause]). In his affirmation in support of this order to show cause, he averred that the Second Permit had been reinstated and, at his request, transferred to his wife but asserted that his Disabled Veteran Supervisory License (#41618198) had also been "transferred" to her without his consent.

Ultimately, as petitioner acknowledged at oral argument, the petitioner and first order to show cause in this special proceeding are mooted by respondent's reissuance of the Second Permit to petitioner. As to his second order to show cause, seeking an order compelling respondent to transfer the Second Permit to his wife, this relief is beyond the scope of the petition but is, in any event, mooted by petitioner's representation that the permit was in fact transferred. The third order to show cause, seeking a pre-permit inspection of the mobile food vending cart, is also outside the scope of the petition but similarly moot, as there is no dispute that the pre-permit inspection was held as ordered.

Finally, the Court declines to sign petitioner's fourth order to show cause. This order to show cause includes factual allegations and seeks relief beyond that included in the petition. Petitioner is advised that an order to show cause is only a mechanism through which petitioner

161092/2024   SHAH, WAJID vs. THE CITY OF NEW YORK                    Page 3 of 5
Motion No. 003 003

3 of 5

[* 3]

notifies respondent of the commencement of a special proceeding (See Clinton-178 Towers LLC v Chapple, 58 Misc 3d 198, 204 [Civ Ct, Bronx County 2017]) and is not an avenue by which petitioner can add new factual allegations and seek new relief after the petition is filed. As the issues raised in the petition in this special proceeding have been resolved, petitioner's challenge to respondent's conduct after the pre-permit inspection and reissuance of the Second Permit—including but not limited to its purportedly improper transfer of petitioner's license to his wife—must be brought through a new special proceeding (See Brigham v New York City Loft Bd. 2021 WL 2889928 [Sup Ct, NY County 2021] ["the relief sought by Petitioner in this order to show cause are separate and distinct from the relief requested in the petition and are outside the scope of the petition, requiring a separate proceeding"]).

Accordingly, it is

**ORDERED** and **ADJUDGED** that this special proceeding is denied and dismissed as mooted; and it is further

**ORDERED** that respondent shall, within ten days of the date of this decision and order, serve a copy of same with notice of entry upon petitioner as well as the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Rm. 119) who are directed to enter judgment accordingly; and it is further

**ORDERED** that within ten days from entry of this order, counsel for respondent shall serve a copy of this order with notice of entry on the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Rm. 119) who are directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on*

[* 4]

*Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on this court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision, order, and judgment of the Court.

**1/6/2025**
**DATE**

**HON. JUDY H. KIM, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION |
|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

161092/2024   SHAH, WAJID vs. THE CITY OF NEW YORK                          Page 5 of 5
Motion No.  003 003

5 of 5